993 F.2d 1538
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronald G. ROBERTS, Plaintiff-Appellant,
v.
WOOD COUNTY COMMISSION; Stephen F. Greiner, Sheriff of Wood
County, West Virginia, individually and in his official
capacity; Wood County Deputy Sheriffs' Civil Service
Commission; John J. Dolphin, individually and in his
official capacity as a member of the Wood County Deputy
Sheriffs' Civil Service Commission; Steven R. Hardman,
individually and in his official capacity as a member of the
Wood County Deputy Sheriffs' Civil Service Commission;
James Deem, individually and in his official capacity as a
member of the Wood County Deputy Sheriffs' Civil Service
Commission, Defendants-Appellees.
 No. 92-1263.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: March 17, 1993
Decided: May 21, 1993
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CA-91-1077-6)
 Elizabeth A. Pyles, Pyles & Auvil, Parkersburg, West Virginia, for Appellant.
 Richard Allen Hayhurst, Parkersburg, West Virginia, for Appellees.
 S.D.W.Va.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN, and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Ronald Roberts appeals from the dismissal of his action filed under 42 U.S.C. § 1983 (1988). Because we find that the action is barred under the applicable statute of limitations, we affirm.
 
 
 2
 Roberts was fired from his position as a Deputy Sheriff of Wood County, West Virginia, in August 1987 as a result of charges of sexual harassment. He appealed to the Wood County Civil Service Commission, which affirmed the decision to terminate Roberts in March 1988. Roberts then appealed the Commission's decision to the Circuit Court of West Virginia, which ruled that Roberts be reinstated and awarded back pay in July 1988. The Commission appealed, and the West Virginia Supreme Court of Appeals reinstated Roberts's termination in November 1989. Roberts v. Greiner, 386 S.E.2d 504 (W. Va. 1989).
 
 
 3
 In October 1991, Roberts filed the instant § 1983 complaint in U.S. district court alleging that his termination violated his right to due process, and various state created rights. The district court dismissed his action as barred under the statute of limitations, and precluded under the doctrines of res judicata and collateral estoppel.
 
 
 4
 The limitations period applicable to § 1983 actions in West Virginia is two years. See McCausland v. Mason County Bd. of Educ., 649 F.2d 278, 279 (4th Cir.), cert. denied, 454 U.S. 1098 (1981). Appellees point out that Roberts failed to allege any overt acts on their part occurring after the Commission upheld Roberts's termination in March 1988. Because Roberts failed to file his § 1983 complaint for over two years after his action accrued, it is time-barred.
 
 
 5
 Roberts argues that his action should be deemed timely filed because: 1) he had not exhausted administrative remedies until the West Virginia Supreme Court of Appeals overturned his reinstatement; and 2) his § 1983 complaint was not ripe for adjudication while the West Virginia Circuit Court opinion ordering his reinstatement was in effect.
 
 
 6
 As a general rule, absent applicable state law tolling limitations in personal injury actions, limitations periods are not tolled during the pendency of administrative proceedings. See Patsy v. Bd. of Regents, 457 U.S. 496, 514 n.17 (1982); Board of Regents v. Tomanio, 446 U.S. 478, 490-92 (1980). West Virginia has no applicable tolling provision. Therefore, Roberts's first argument fails.
 
 
 7
 Roberts's ripeness argument also does not merit relief from the statutory bar. Even after the Circuit Court of West Virginia had ruled in Roberts's favor, nothing prevented Roberts from bringing a § 1983 action in federal court. A § 1983 action brought at that time would have been separate and independent from any proceedings in state court, and could have been sustained at the same time as proceedings in state court. See Tomanio, 446 U.S. at 491; McLaughlin v. United Virginia Bank, 955 F.2d 930, 934 (4th Cir. 1992). The existence of earlier state proceedings on the same facts might have created cause for the federal court to stay its hand until the state proceedings had run their course. See Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818-19 (1976); McLaughlin, 955 F.2d at 934-35. But if an eventual § 1983 suit were contemplated, Roberts should have filed a federal complaint as a prophylactic measure to preserve his cause of action until the termination of all state court proceedings.
 
 
 8
 We find Roberts's federal claim barred by the applicable statute of limitations. Consequently, we find it unnecessary for it to reach Appellees' other asserted defenses of res judicata and collateral estoppel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED